1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF WASHINGTON

7    GARY CLARENCE MORTON, JR.,

8                              Plaintiff,            NO: 2:15-CV-34-RMP

         v.                                          ORDER GRANTING PLAINTIFF'S
9                                                    MOTION FOR SUMMARY
10   CAROLYN W. COLVIN,                              JUDGMENT AND REMANDING
     Commissioner of Social Security,                FOR FURTHER PROCEEDINGS

11                             Defendant.

12

13          BEFORE THE COURT are Plaintiff Gary Clarence Morton, Jr.'s Motion for

14   Summary Judgment, **ECF No. 15**, and Defendant Commissioner of Social Security

15   Carolyn W. Colvin's Motion for Summary Judgment, **ECF No. 20**. The Court has

16   reviewed the motions, the reply memorandum (ECF No. 21), the administrative

17   record, and is fully informed.

18                              **BACKGROUND**

19          Gary Clarence Morton, Jr. protectively filed an application for Disability

20   Insurance Benefits (DIB) on June 3, 2012. ECF No. 11-2 at 14, Tr. 13. Mr. Morton

21   alleged disability beginning March 17, 2011. *Id.* Mr. Morton's application was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 1

1  denied initially on July 12, 2012, and upon reconsideration on September 25, 2012.

2  *Id.* Mr. Morton requested a hearing, which was held via video conference before

3  Administrative Law Judge ("ALJ") Caroline Siderius on November 6, 2012. *Id.*

4  Mr. Morton was present and represented by counsel David L. Lybbert. *Id.* The ALJ

5  heard testimony from medical expert Anthony E. Francis, M.D., and vocational

6  expert ("VE") Diane Kramer. *Id.*

7        The ALJ found that Mr. Morton had not engaged in substantial gainful work,

8  as defined in 20 C.F.R. § 404.1572(a), during the period from his alleged onset

9  date of March 17, 2011, through his date of last insured of September 30, 2011.

10  ECF No. 11-2 at 16, Tr. 15. Further, the ALJ found that Mr. Morton had the

11  following severe impairments as defined by 20 C.F.R. § 404.1520(c): degenerative

12  disc disease of the cervical spine, and chronic neck and back pain. *Id.*

13        However, the ALJ found that Mr. Morton did not have an impairment or

14  combination of impairments that met or medically equaled the severity of one of

15  the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.

16  §§ 404.1520(d), 404.1525, and 404.1526). ECF No. 11-2 at 17, Tr. 16. The ALJ

17  further found that Mr. Morton had the residual functional capacity ("RFC") to

18      perform light work as defined in 20 CFR 404.1567(b) subject to the
       following limitations. He is able to lift and/or carry ten pounds

19      frequently and twenty pounds occasionally. He is able to sit, stand,
       and/or walk up to six hours in an eight-hour workday with normal

20      breaks. He is able to perform work that includes a sit/stand option. He
       is able to perform work with occasional overhead reaching bilaterally.

21      He is able to perform work that does not include climbing of ladders,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 2

ropes, or scaffolds. He is able to perform work that includes frequent stooping, crawling, and climbing of stairs or ramps. He is able to perform work that avoids concentrated exposure to vibration, heavy machinery, or equipment. He is able to perform work that avoids repetitive turning of the head in all directions.

ECF No. 11-2 at 17–18, Tr. 16–17.

Given Mr. Morton's age, education, work experience, and RFC, the VE testified that there were a number of jobs available in the national economy for an individual sharing his characteristics. ECF No. 11-2 at 22, Tr. 21. The ALJ then found that "the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." ECF No. 11-2 at 23, Tr. 22. The ALJ concluded that Mr. Morton was not under a disability as defined by the Social Security Act. *Id.* Mr. Morton's application was denied on December 6, 2013. *Id.*

Mr. Morton filed a request for review by the Appeals Council, which was denied on December 16, 2014. ECF No. 11-2 at 2, Tr. 1. As part of his request for review, Mr. Morton submitted additional medical evidence to the Appeals Council. ECF No. 11-2 at 3, Tr. 2. The Appeals Council found that "[t]he Administrative Law Judge decided your case through September 30, 2011, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits." *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3

1    Mr. Morton then filed a complaint in the District Court for the Eastern

2 District of Washington on February 4, 2015, ECF No. 1, and the Commissioner

3 answered the complaint on May 1, 2015. ECF No. 10. This matter is therefore

4 properly before the Court pursuant to 42 U.S.C. § 405(g).

5                              **STATEMENT OF FACTS**

6    The facts of this case are set forth in the administrative hearing transcripts

7 and record, ECF No. 11. Mr. Morton was 51 years old when he applied for DIB

8 and 53 years old at the hearing. *See* ECF No. 11-2 at 14, Tr. 13. Mr. Morton has

9 past relevant work experience as a warehouse worker, industrial truck operator,

10 and construction worker. ECF No. 11-2 at 21, Tr. 20.

11                              **STANDARD OF REVIEW**

12    Congress has provided a limited scope of judicial review of a

13 Commissioner's final decision. 42 U.S.C. § 405(g). A reviewing court must uphold

14 the Commissioner's decision, determined by an ALJ, when the decision is

15 supported by substantial evidence and not based on legal error. *See Jones v.*

16 *Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). Substantial evidence is more than a

17 mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d

18 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence "means such relevant

19 evidence as a reasonable mind might accept as adequate to support a conclusion."

20 *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

21

The reviewing court should uphold "such inferences and conclusions as the [Commissioner] may reasonably draw from the evidence." *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the Commissioner's decision. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *see also Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) ("This court must consider the record as a whole, weighing both the evidence that supports and detracts from the [Commissioner's] conclusion."). "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the reviewing court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

Under the Social Security Act (the "Act"),

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5

> an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). "Thus, the definition of disability consists of both medical and vocational components." *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Step one determines if the claimant is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the ALJ, under step two, determines whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. § 404.1520(a)(4)(ii).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 6

1    If the impairment is severe, the evaluation proceeds to step three, which

2  compares the claimant's impairment to a number of listed impairments

3  acknowledged by the Commissioner to be so severe as to preclude substantial

4  gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404,

5  Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments,

6  the claimant is conclusively presumed to be disabled. 20 C.F.R.

7  § 404.1520(a)(4)(iii).

8    Before proceeding to step four, the claimant's RFC is assessed. 20 C.F.R.

9  § 404.1545(a)(1). An individual's RFC is the ability to do physical and mental

10  work activities on a sustained basis despite limitations from any impairments. *Id.*

11    If the impairment is not one conclusively presumed to be disabling, the

12  evaluation proceeds to step four, where the ALJ determines whether the

13  impairment prevents the claimant from performing work he has performed in the

14  past. If the claimant is able to perform his previous work, the claimant is not

15  disabled. 20 C.F.R. § 404.1520(a)(4)(iv).

16    If the claimant cannot perform his previous work, the final step considers

17  whether the claimant is able to perform other work in the national economy in light

18  of his RFC, age, education, and past work experience. 20 C.F.R.

19  § 404.1520(a)(4)(v).

20    At step five, the initial burden of proof rests upon the claimant to establish a

21  prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

920, 921 (9th Cir. 1971). The claimant satisfies this burden by establishing that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES

Mr. Morton asserts that the ALJ committed reversible error by: (1) failing to consider, under step two, whether Mr. Morton's right shoulder nerve impingement constitutes a severe impairment; (2) improperly finding that Mr. Morton lacked credibility; and (3) failing to conduct an adequate step five analysis. ECF No. 15. Further, Mr. Morton alleges that the Appeals Council erred when declining to consider Mr. Morton's additional evidence. *Id.*

## DISCUSSION

### I.    Additional Evidence Submitted to the Appeals Council

Mr. Morton asserts that the Appeals Council improperly rejected additional medical evidence that related back to the disability time period considered by the ALJ. *Id.* at 15. Mr. Morton submitted the relevant record, a medical opinion by Dr. Jason M. Grosdidier, as an attachment to his motion. ECF No. 15-1. The Commissioner argues that the Court should not consider Mr. Morton's extraneous evidence as (1) the Appeals Council did not "consider" the additional evidence as

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 8

required by *Brewes v. Comm'r of Soc. Sec. Admin*, 682 F.3d 1157 (9th Cir. 2012);

(2) the Appeals Council properly declined to review the additional evidence as it

did not concern the relevant disability timeframe; and (3) Mr. Morton cannot

satisfy the requirements for a 42 U.S.C. § 405(g) "Sentence Six" remand

demanded when a claimant submits new evidence. ECF No. 20 at 14–18. In

conjunction, the Commissioner moves to strike Dr. Grosdidier's medical opinion

attached to Mr. Morton's motion. *Id.* at 14.

 As noted above, the Appeals Council denied Mr. Morton's request for

review on December 16, 2014. ECF No. 11-2 at 2, Tr. 1. In denying Mr. Morton's

request for review, the Appeals Council noted that

> [w]e also looked at The Center records dated March 12, 2014 to March
> 24, 2014 (3 pages), records by Jason Grossdidier [*siq*] dated April 11,
> 2014 (3 pages), DSHS physical evaluation dated March 27, 2014 (5
> pages), DSHS psychological evaluation dated April 22, 2014 (4 pages),
> Columbia Valley Community Health records dated March 6, 2014 (2
> pages), and Confluence Health records dated July 14, 2014 (3 pages).
> The Administrative Law Judge decided your case through September
> 30, 2011, the date you were last insured for disability benefits. This new
> information is about a later time. Therefore, it does not affect the
> decision about whether you were disabled at the time you were last
> insured for disability benefits.

ECF No. 11-2 at 3, Tr. 2.

 While the Court may review the final decisions of the Commissioner of

Social Security, 42 U.S.C. § 405(g), the Court does "not have jurisdiction to

review a decision of the Appeals Council denying a request for review of an ALJ's

decision, because the Appeals Council decision is a non-final agency action."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 9

1    *Brewes*, 682 F.3d at 1161. However, the Court reviews the administrative record,

2    which "includes evidence submitted to and considered by the Appeals Council."

3    *Id.* at 1162. "If new and material evidence is submitted, the Appeals Council shall

4    consider the additional evidence only where it relates to the period on or before the

5    date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

6    Such evidence, when considered by the Appeals Council, "becomes part of the

7    administrative record." *Brewes*, 682 F.3d at 1163.

8         It is improper for the Appeals Council to reject additional evidence where

9    the Appeals Council erroneously concludes that the evidence is only relevant to a

10    time period subsequent to that considered by the ALJ. *Taylor v. Comm'r of Soc.*

11    *Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). "Where the Appeals Council

12    was required to consider additional evidence, but failed to do so, remand to the

13    ALJ is appropriate so that the ALJ can reconsider its decision in light of the

14    additional evidence." *Id.* at 1233.

15         Mr. Morton contends that the Appeals Council improperly rejected Dr. Jason

16    Grosdidier's medical opinion. As noted above, the Appeals Council found that the

17    additional evidence, including Dr. Grosdidier's record, "is about a later time" than

18    that considered by the ALJ. ECF No. 11-2 at 3, Tr. 1. However, Dr. Grosdidier

19    noted that Mr. Morton's neck and back pain symptoms "appeared to stem from a

20    motor vehicle accident which he sustained in March of 2011." ECF No. 15-1 at 1.

21    Further, Dr. Grosdidier concluded that Mr. Morton demonstrated "objective

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 10

worsening of his cervical dorsal spine, throughout 2011 and through 2013." *Id.* at 3. While Dr. Grosdidier also discussed Mr. Morton's condition through 2013, *see id.*, the Court finds that the Appeals Council erred in finding that Dr. Grosdidier's opinion was not relevant to Mr. Morton's disability status between March 17, 2011, and September 30, 2011. *Accord Ward v. Colvin*, No. 2:13-cv-1390-EFB, 2014 WL 4925274, at *4 (E.D. Cal. Sept. 30, 2014) (remanding where "the Appeals Council refused to consider the [additional evidence] based on its mistaken conclusion that it only pertained to a later period that was not relevant").

As this matter is controlled by *Taylor*, the Commissioner's arguments concerning *Brewes* are unpersuasive. As noted by the Commissioner, *Brewes* addressed the status, in relation to the record on appeal, of additional evidence properly considered by the Appeals Council. *See* ECF No. 20 at 16. Here, however, the Appeals Council improperly rejected the additional evidence, rendering *Taylor* the appropriate controlling precedent.

The Commissioner also argues that consideration of Dr. Grosdidier's report is barred by 42 U.S.C. § 405(g) "Sentence Three," which states that "[a]s part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). The Commissioner argues that "Sentence Three" "gives the Commissioner of Social

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 11

1    Security the sole authority to create and file the certified transcript of the record."

2    ECF No. 20 at 17.

3            The Court finds that the instant scenario, which asserts reversible error based

4    on the Appeals Council's (and by extension the Commissioner's) improper

5    rejection of additional evidence, is by necessity outside the scope of "Sentence

6    Three." Following the Commissioner's reasoning, a challenge, such as that raised

7    in *Taylor*, would never be cognizable as the improperly rejected evidence would

8    be, by virtue of its rejection, outside the official record. Where the challenge

9    concerns an alleged improper omission from the record, the Court declines to adopt

10   the Commissioner's circular reasoning requiring such evidence to be included in

11   the record to be considered. Further, as Mr. Morton's challenge was explicitly

12   recognized in *Taylor*, the Court finds the Commissioner's objection unpersuasive.

13           Finally, the Commissioner argues that, as Dr. Grosdidier's report is "new"

14   evidence, Mr. Morton must satisfy 42 U.S.C. § 405(g) "Sentence Six." ECF No. 20

15   at 14. Under "Sentence Six," the Court may "at any time order additional evidence

16   to be taken before the Commissioner of Social Security, but only upon a showing

17   that there is new evidence which is material and that there is good cause for the

18   failure to incorporate such evidence into the record in a prior proceeding." 42

19   U.S.C. § 405(g). However, "evidence submitted to and considered by the Appeals

20   Council is not new but rather is part of the administrative record properly before

21   the district court." *Brewes*, 683 F.3d at 1164; *see also Palomares v. Astrue*, 887 F.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 12

1   Supp. 2d 906, 916 (N.D. Cal. 2012) (finding, applying *Brewes*, that "Sentence Six"

2   is not applicable to additional evidence submitted to the Appeals Council). As the

3   additional evidence should have been considered by the Appeals Council, the

4   Court finds that Mr. Morton does not have to satisfy "Sentence Six" in relation to

5   Dr. Grosdidier's report.

6       As the Appeals Council improperly rejected Dr. Grosdidier's report, the

7   Court remands to the Commissioner to reconsider its decision in light of

8   Mr. Morton's additional evidence. *See Taylor*, 659 F.3d at 1235 (noting that

9   "[b]ecause Dr. Thompson's psychiatric evaluation and medical source statement

10  were not considered by the Appeals Council or the ALJ, remand to the ALJ for

11  further consideration is in order"). On remand, the ALJ must account for Dr.

12  Grosdidier's report as part of the five-step sequential process.

13  **II.   Right Shoulder Nerve Impingement as Severe Impairment**

14      Mr. Morton also asserts that the ALJ committed reversible error by failing to

15  consider whether his right shoulder nerve impingement constituted a severe

16  impairment at step two of the sequential process. ECF No. 15 at 8. The

17  Commissioner argues that, as Mr. Morton has failed to carry his burden to establish

18  the existence of a severe impairment, the ALJ did not err in omitting any

19  discussion of Mr. Morton's right shoulder. ECF No. 20 at 11.

20      A severe impairment is one "which significantly limits your physical or

21  mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Conversely,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 13

1    an impairment is not severe when it is "a slight abnormality (or a combination of

2    slight abnormalities) that has no more than a minimal effect on the ability to do

3    basic work activities." SSR 96-3p, 1996 WL 374181, at *1 (July 2, 1996).

4        The ALJ found that, while Mr. Morton suffered from severe impairments

5    concerning degenerative disc disease of the cervical spine and chronic neck and

6    back pain, Mr. Morton's anger management issues do "not constitute a severe

7    impairment." ECF No. 11-2 at 16–17, Tr. 15–16. The ALJ, however, made no

8    finding as to whether Mr. Morton's alleged right shoulder impingement did or did

9    not constitute a severe impairment.

10        As the ALJ did not consider whether Mr. Morton's right shoulder nerve

11   impingement constituted a severe impairment, the Court finds that the ALJ

12   committed reversible error. *See Black v. Astrue*, No. 11-35379, 2012 WL 907118,

13   at *1 (9th Cir. Mar. 19, 2012) ("Substantial evidence does not support the ALJ's

14   conclusion that the anxiety disorder is not a severe impairment in the absence of

15   any mention of the disorder."). Further, the Court cannot determine whether the

16   omission was harmless as the ALJ did not provide a rationale for rejecting

17   evidence potentially relevant to Mr. Morton's RFC. *See id.* (finding that "therefore

18   we do not know whether the ALJ's omission was 'inconsequential to the ultimate

19   nondisability determination'") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454

20   F.3d 1050, 1055 (9th Cir. 2006)).

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 14

1     Although, as noted by the Commissioner, Mr. Morton carries the burden of

2 establishing a severe impairment, the record contains numerous references to both

3 the right shoulder nerve impingement as well as related functional limitations. *See*

4 ECF No. 11-6 at 24, Tr. 196 (Mr. Morton noting that his "[r]ight arm goes numb

5 and has spasms"); ECF No. 11-6 at 25, Tr. 197 (Mr. Morton noting that "I can't lift

6 my arm over my head"); ECF No. 11-6 at 29, Tr. 201 (Mr. Morton noting that

7 "[m]y right arm is my dominant arm. Not being able to use it hinders a lot of things

8 I do."); ECF No. 11-7 at 33, Tr. 256 (physical therapist noting that "[h]e reports he

9 does have a history of some right shoulder pain. He states that his doctor told him

10 he had bone spurs in his right shoulder."). Further, Mr. Morton alleged before the

11 ALJ that "[h]e has neck and shoulder pain from a herniated disc in his neck. There

12 are findings of loss of sensation in the right thumb, and complaints of radiating

13 pain and tingling to the right forearm." ECF No. 11-4 at 37–38, Tr. 148–49.

14     The Court's conclusion is bolstered by the ALJ's discussion of Mr. Morton's

15 anger management issues, which were "not specifically alleged by the claimant"

16 but referred to in the relevant medical records. ECF No. 11-2 at 16, Tr. 15. As

17 Mr. Morton alleged limitations arising from a right shoulder issue and such an

18 impairment is referenced in his medical records, the ALJ erred by failing to make

19 an express finding regarding the severity, or lack thereof, of Mr. Morton's alleged

20 right shoulder impairment. The Court finds that remand for further proceedings is

21

appropriate to allow the Commissioner to make the appropriate findings at step two.

**CONCLUSION**

As the Court finds that remand for additional findings is appropriate, the Court need not address Mr. Morton's allegations of error concerning the ALJ's credibility finding and step five analysis. *See Taylor*, 659 F.3d at 1235 ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). Further, Mr. Morton's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record. *See* ECF No. 15 at 18.

The Court will, however, briefly discuss the ALJ's credibility finding concerning Mr. Morton's daily activities. The ALJ found that Mr. Morton's "activities of daily living also show inconsistencies" and noted general housekeeping and childcare. ECF No. 11-2 at 20, Tr. 19. The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

While it is correct that the "Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . and many home

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 16

activities are not easily transferable to . . . the workplace," activities of daily living

may be considered "if a claimant is able to spend a substantial part of his day

engaged in pursuits involving the performance of physical functions that *are*

transferable to a work setting." *Fair v. Bowen*, 885 F.3d 597, 603 (9th Cir. 1989)

(emphasis in original). However, a claimant's activities of daily living that require

flexibility regarding rest periods or assistance from other persons are generally not

transferable to a work environment. *See Garrison v. Colvin*, 759 F.3d 995, 1016

(9th Cir. 2014).

As noted by the ALJ, Mr. Morton testified that "he may require a rest break

or lean on the counter to complete household chores." ECF No. 11-2 at 18, Tr. 17.

Further, Mr. Morton "testified that he naps at least once per day to relieve his neck

pain complaints." *Id.* While the Court declines to reach Mr. Morton's challenge to

the ALJ's overall credibility analysis, the ALJ, to find a lack of credibility based

on daily activities on remand, must consider whether Mr. Morton's housekeeping

and childcare activities are transferable to a work environment, taking into account

Mr. Morton's need for frequent breaks and rest periods.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for summary judgment, **ECF No. 15**, is **GRANTED IN PART**.

2. Defendant's motion for summary judgment, **ECF No. 20**, is **DENIED**.

3.  This case is **REMANDED** for a *de novo* hearing before the Social Security Administration.

4.  **UPON REMAND**, the ALJ will conduct a *de novo* hearing and issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, reassess the claimant's residual functional capacity, obtain supplemental evidence from a vocational expert, and re-evaluate the claimant's credibility.

5.  **JUDGMENT** shall be entered for the Plaintiff.

The District Court Clerk is hereby directed to enter this Order, enter judgment accordingly, provide copies to counsel, and to **close this file**.

**DATED** this 18th day of March 2016.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 18